UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**RODNEY EUGENE SEARS,**
        **Petitioner,**

v.
                                Civil Action No. 2:21-cv-167

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections**

## REPORT AND RECOMMENDATION

Petitioner Rodney Eugene Sears brought this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pet. (ECF No. 1). Sears, who is serving a sentence of seven years and nine months, contends that his constitutional rights were violated and asks this court to vacate his guilty pleas and remand this case for dismissal. Id. at 1, 14. Respondent Harold W. Clarke, Director of the Virginia Department of Corrections, filed a Motion to Dismiss, (ECF No. 13), arguing that the Petition is time-barred, lacks merit, and is procedurally defaulted, Br. Supp. Resp't's Mot. Dismiss (ECF No. 15). The Motion was accompanied by the notice to pro se parties required under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Sears of his right to respond and the potential consequences of failing to respond (ECF No. 14). Sears did not respond to the Motion and the time to do so has now expired. Because Sears' Petition is time-barred under 28 U.S.C. § 2244(d)(1), the undersigned recommends that the court dismiss the Petition.

### I. Statement of the Case

Pursuant to a guilty plea, the Circuit Court for the City of Hampton sentenced Sears on June 6, 2018 to a total of seven years and nine months for possession of a schedule I or II drug with intent to distribute, possession of a firearm while in possession of a schedule I or II drug,

1

and possession of a firearm by a convicted felon. Pet. (ECF No. 1 at 1). Sears did not appeal his conviction to the Court of Appeals of Virginia and did not file a writ of habeas corpus in state court. Id. He filed this Petition for a Writ of Habeas Corpus on April 2, 2021 and seeks relief on the bases of ineffective assistance of counsel and violation of the Eighth Amendment's cruel and unusual punishment clause. Id.

Sears alleges that he received ineffective assistance of counsel because his trial attorney advised him to waive his preliminary hearing and failed to suppress evidence of an allegedly illegal search and seizure. Id. at 6-7, 15-17. According to Sears, his arresting officers lacked probable cause to search the glove compartment of his vehicle, as they "lied in every area [sic] of the [traffic] stop," id. at 15, and cited a "fake marijuana smell," id. at 16. Because Sears' attorney failed to suppress evidence conducted during the search of his vehicle during this traffic stop, Sears claims that his attorney did not provide "reasonably competent advice" and that his guilty pleas are therefore open to collateral attack. Id. at 16 (citing McMann v. Richardson, 397 U.S. 759 (1970)). Additionally, Sears alleges that his sentence of seven years and nine months violates the Eighth Amendment's cruel and unusual punishment clause because there is no evidence that he committed a crime. Id. at 7; see U.S. CONST. amend. VIII.

Sears also argues that his actual innocence is a gateway through which he may overcome the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing a petition for a writ of habeas corpus. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). Sears proffered no new evidence to support his claim of innocence but does assert that he "only recently found out that [his] U.S. Constitutional rights were violated." Pet. (ECF No. 1 at 4, 8).

2

## II. Recommended Conclusions of Law

**A. Sears' Petition is Time Barred.**

Under the AEDPA, a person in custody pursuant to the judgment of a state court may petition a federal court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a prisoner seeking federal habeas corpus relief from a state court conviction is subject to a one-year statute of limitations that runs from the latest of the dates on which (A) the judgment becomes final, (B) any state-created impediment to filing a petition is removed, (C) the United States Supreme Court newly recognizes the right asserted, or (D) the claim's factual predicate was or could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(A-D).

In this case, the first limitation period applies. See 28 U.S.C. § 2244(d)(1)(A). Because Sears did not appeal the decision entered by the Circuit Court for the City of Hampton, the federal limitations period began on July 6, 2018, thirty days after the date on which the trial court imposed Sears' original sentence. See Va. Sup. Ct. R. 5A:6 (stating that a party must file a notice of appeal no more than thirty days after judgment is entered); Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running... when the time for seeking direct review has expired.") (citing 28 U.S.C.A. § 2244(d)(1)(A)); Pet. (ECF No. 1) (listing Sears' date of sentencing as June 6, 2018). Sears does not argue that he is entitled to statutory tolling under 28 U.S.C. § 2244(d). See Pet. (ECF No. 1). Moreover, while Sears asserts that he only recently learned that the alleged facts amounted to a violation of his constitutional rights, he has presented no evidence suggesting that he diligently pursued his rights. See 28 U.S.C. § 2244(d)(1)(D); cf. McQuiggin v. Perkins, 569 U.S. 383, 398-401 (2013). Therefore, because Sears did not file this Petition until April 2, 2021—more than twenty-one months after the statute

3

of limitations imposed by § 2244(d) had expired—the petition is time-barred. See Pet. (ECF No. 1 at 1).

### B. Sears' Claim of Actual Innocence is Not Supported by New Evidence.

If a prisoner proves a claim of actual innocence, the claim serves as a gateway through which a petitioner may overcome a procedural bar such as the expiration of the statute of limitations. McQuiggin, 569 U.S. at 386. The threshold requirement to prove actual innocence is high, however, and requires a petitioner to introduce new, reliable evidence sufficient to persuade the court that no reasonable juror would vote to find the petitioner guilty beyond a reasonable doubt. Id. at 386-87 (citing Schlup v. Delo, 513 U.S. 298, 329, 332 (1995)).

Here, Sears has not proffered new evidence. Rather, his claim rests on the proposition that counsel should have filed a motion to suppress evidence and that he only recently came to understand that this may have violated his rights. See, e.g., Joyner v. Clark, No. 2:17CV661, 2018 WL 8804472, at *6 (E.D. Va. June 27, 2018) ("Evidence which is a mere 'repackaging of the record as presented at trial' is not considered new evidence which may properly support a claim of actual innocence." (quoting Hubbard v. Pinchak, 378 F.3d 333, 341 (3d Cir. 2004)). Rather, "the [actual innocence] exception requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" (quoting Schlup, 513 U.S. at 324.)). Because Sears does not introduce new evidence to support his claim of actual innocence, his gateway plea fails, and this Petition is time-barred.[1]

---

[1] Sears has not argued that the statute of limitations should be equitably tolled. See Holland v. Florida, 560 U.S. 631, 645 (2010); Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000). Equitable tolling is available in the following two situations: (1) when a petitioner is prevented from asserting his claims by some wrongful conduct on the part of the respondent, or (2) when extraordinary circumstances beyond the petitioner's control made it impossible to file on time. Harris, 209 F.3d at 330. The Court's own review of the record discloses no basis for equitable tolling.

### III. Conclusion and Recommendation

Sears' claims are time-barred and he has not presented sufficient evidence to allow the court to consider his late filing. Therefore, the undersigned recommends that Respondent's Motion to Dismiss (ECF No. 13) be GRANTED and Sears' Petition for a Writ of Habeas Corpus (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

### IV. Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn. 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

Norfolk, Virginia
June 28, 2021

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE